STATE v. HAWKS et al.

(No. 2779.   April 5, 1923.)

### SYLLABUS BY THE COURT

Evidence examined, and held to be sufficient to support the verdict against the defendants, convicting them of unlawful assembly to commit an unlawful act, under section 1690, Code 1915.

Appeal from District Court, Roosevelt County, Bratton, Judge.

J. W. Hawks and others were convicted of an un-lawful assembly to commit an unlawful act, and they appeal. Affirmed.

Geo. L. Reese, of Portales, for appellants.

H. S. Bowman, Atty. Gen., and A. M. Edwards, Asst. Atty. Gen., for the State.

### OPINION OF THE COURT

PARKER, C. J.   The defendants were charged in the indictment with having assembled themselves to-gether with intent to commit an assault upon one R. F. Pepper, and that they did beat, bruise, and wound the said Pepper.  The indictment is drawn under sec-tion 1690, Code 1915, which is as follows:

> "If three or more persons shall assemble together, with intent to do any unlawful act with force and violence against the person or property of another, or to do any unlawful act against the peace, or being lawfully assembled, and shall agree with each other to do any unlawful act, as aforesaid, and shall make any movement or preparation therefor, the persons so offending shall each, on conviction thereof, be fined in any sum not exceeding two hundred dollars, or be imprisoned not exceeding six months, or both, at the discre-tion of the court in which the conviction is had."

They were tried, convicted, and sentenced from which judgment this appeal has been perfected.

Counsel for the appellants present a single proposi-tion and that is that there was no substantial evidence before the jury upon which the verdict could be based. The argument proceeds, apparently, that the testimony of the appellants and their witnesses is to be believed rather than that of the prosecution.   According to that evidence, it is argued that there was no concerted action on the part of the defendants, because they say there was not.   This would be good argument before the jury, and no doubt was made at the trial.   But there is much evidence in the record tending to show that the defendants did assemble and were acting in concert when they perpetrated the assault and battery upon the man Pepper.   The four of them met at the

appointed place, a point where it was known that this man Pepper would come along and stop his truck, in which he carried school children to school every day. One of the four immediately engaged the man Pepper in a fight, knocked him down, and got him on the floor of the car, and. by the time one of the school children had made her escape from the car through a window and walked 15 steps from the car all four of the defendants were inside the car with the man Pepper, who was being beaten up. At this time this man Pepper was crying out, and all four of the defendants were inside the car, and, so far as is shown by the evidence did nothing whatever to stop the beating. The parties had a common grievance. The man Pepper was the driver of a truck over a certain school route to convey children to a central school. Two of the defendants were respectively sons of the other two defendants. These boys had been suspended from school on account of misbehavior on this truck in going to and from school. The man Pepper, who was driving the truck at the time, refused to carry the two boys by reason of orders of the superintendent of the school. The two fathers proposed to compel him to carry the boys, and after the assault and battery of the truck driver they went on to the school and made an assault upon the superintendent, having as their reason or excuse this same grievance about the suspension of the sons. The two sons had declared a few days prior to this that they would enlist their fathers in the matter and "take it out of the hide" of the superintendent. Other circumstances tending to show that the defendants acted in concert are apparent in the record and there seems to be no doubt of the fact that the four defendants met this truck driver, Pepper, and, acting in concert in going to the rendezvous, they, in pursuance of a common design, assaulted and beat him, as charged in the indictment.

Finding, as we do, that the evidence does satisfactorily establish concerted action on the part of all the

defendants, it will be unnecessary to discuss the cases cited in the brief of appellants to the effect that concerted action must be shown.

From the foregoing it appears that the judgment of the trial court is correct and should be affirmed; and it is so ordered.

BOTTS, J., concurs.

BRATTON, J., having tried the case below, did not participate in this decision.